I understand that all parties for the argument calendar are here. Let me just tell Mr. Sec that we're going to take him first, not last, and we have a motion that's argued today and we'll hear from that first. Jaffer v. Hirji. Good morning, Your Honor. Good morning. May it please the Court, Costantino Fragali, from maker Fragali & DiCostanzo at 350 Theodore Fremd Avenue, Rye, New York, 10580, for the plaintiffs and the appellants Latifa Jaffer, Usain Jaffer, Ahmed Hirji, and Shehzad Hirji. Your Honor, I'm presuming the Court is fully familiar with the facts underlying the motion. I believe this motion could be succinctly stated to the extent that there is a callable argument. There are merits to this appeal, and given the total absence of any prejudice to the respondent should the judgment be stayed, and the counter, very prejudicial impact that it would have on my clients should it not, I think equity should tilt towards the staying of the judgment of the district court while the appeal is pending. As the Court may know, the appellate brief is going to be filed within eight days from today, and we would expect not more than a few months pending the final adjudication of the appeal. As I indicated in my papers, this was a decision pursuant to a summary judgment motion. The appeal before the Court is not only subject to a de novo review, but it also involves an area of law which the sui generis nature itself could provide some with the applicability of its principles. Constructive trust, when it comes to constructive trust, it is well settled in New York. There's no unyielding formula, and indeed sometimes even the most common prongs that are usually required to establish the prima facie case may be dispensed with under certain particular circumstance. It appears, we contend, that the district court main thrust of its decision to dismiss the constructive trust claims by the plaintiffs was the fact that we did not articulate a promise which was expressed or implied by the grantees. However, we like to draw the Court's attention to the fact that there are court of appeals cases in New York which held that when there's a confidential relationship among family members, the promise itself can be dispensed with. Interestingly, the district court did find that there was a confidential relationship. In fact, that was not even disputed by the respondents. Also interestingly, which we think supports the merits in our appeal is that certain operative facts were established in our favor. By way of example, for thirty-three plus years, the time, no consideration was ever paid by the respondent, by the defendants, and at least no proof to that extent was offered to the district court. At no point in time did they ever contend that somehow he received preferential treatment or was a beneficiary of greater affection by his dad, which would have justified at the end of the day just naming him as the sole beneficial owner of the property at the expense of the other children. When looked in the light of the court-established operative facts with the, again, sui generis of the case, we do feel that the appeal definitely has merit. The district court reiterated that in its decision to deny my motion to state a judgment, said basically that we made no response in our motion. We made no effort, sorry, to respond that there was no promise expressed or implied. But in fact, we did, and we did provide the Court of Appeals Authority, which are recited in this present motion, which the decision, we feel, omitted from its analysis, or at least it did not extend the full benefit of its import. Again, Your Honor, when it comes to the irreparable damage here, if it were not stated, this is the undeniable truth that we have here. We have a defendant who has no connection whatsoever to the United States. They hold no property here. They don't even have a Social Security number except for this property, which was the object of the dispute. There's nothing. While this appeal is pending, it is plausible that they can sell it, encumber it, or do whatever they want. As of record right now, they are the fee simple owners. All we're asking is to preserve the status quo. They waited thirty-two years for reasons that they were not able to explain why suddenly they exercised their rights as a bona fide beneficial owner. I'm sure they can wait another three, four months. That's really . . . unless the Court has any questions concerning either the facts or perhaps certain principles that I articulated or did not articulate well enough in my motion, I would be more than happy to answer. All right. Thank you. We'll hear from the other side. May it please the Court, good morning. My name is Andrew Brodnick. I represent the defendant appellees in this action, now shot Herjee and Sapira Herjee, 800 Westchester Avenue, Ryebrook, New York. This appeal has absolutely no merit. There's four elements . . . four that prevent this claim from establishing a constructive trust. Number one, the claim is based on the fact that the father of the plaintiffs and the defendants said that this home was going to be a family home when he purchased it in the early 1980s. There are many cases which hold that simply the statement that a home is a family home does not create a constructive trust on behalf of the entire family to claim that their ownership of it. None of the appellants contributed a dime towards the purchase of this property, so they're not being deprived of anything in the event that a constructive trust is not enforced. My clients, the appellees, never made any promise that this property would be held in a constructive trust. The sole ground that a constructive trust is being claimed is, again, on the grounds that the father, who transferred title to himself and now shot Herjee, the defendant, jointly with Rights of Survivorship, said it was going to be a family home. The testimony was clear, as established in the summary judgment motion, that my client, now shot Herjee, and for that matter, Sabira Herjee, made no promise regarding who owned or who had any rights to this property. Number four, it was quite clear in the appellant's papers that they're basing this claim for a constructive trust on the grounds that the father wished, wished that this would be a family home. I cited, and it's part of my papers in opposition to the motion, a list of fifteen cases with extremely similar, if not entirely similar, facts in which cases claiming a constructive trust were dismissed. There isn't a single case cited other than some very generic cases holding that some of these rules might be a little bit flexible. They might be, but not in these circumstances. Are you planning to sell the property before the appeal is heard? I doubt that would be possible. They're planning to regain possession, make any repairs that are necessary, retain a broker, and yes, they will ultimately market the house for sale, but that will certainly take six plus months before there's any kind of sale. And although we believe the motion should be denied, in the alternative, if the court were inclined to grant any kind of stay, we would agree to hold the sums from the sale in escrow pending the appeal, the net proceeds from the sale of the home. And just to briefly mention the prejudice, my client is elderly. He lives in Tanzania. There's no Social Security in Tanzania. There's no Medicare in Tanzania. It has been prejudiced by the delay that he suffered in selling this home. This is his retirement savings. He needs to sell this as soon as possible, and he's in ill health. The clients have received a tremendous benefit, no doubt, by living in the house for over 30 years without paying rent, but that doesn't create irreparable injury. That's a benefit that they've enjoyed, and the time has come after 30 years for them, two of whom, by the way, have owned their own houses in Westchester, which they rented out for years and years and years. The prejudice is going to be suffered by my client, particularly where the appeal has absolutely no merit. You say your client would not suffer prejudice if the proceeds of any sale were held in escrow for something like six months? I think they would, but they would prefer to do that if it's necessary and the court requires it. Getting possession is the primary thing right now. As a practical matter, as I say, I doubt the house would get sold in six months, so they would be willing to agree to hold the net proceeds in escrow pending the appeal. Pending the decision on the appeal? Yes, Your Honor. Okay. Are there any questions? Has the appeal been expedited? As counsel for the appellant noted, he'll be filing his brief on August 30th. Right, but is it . . . that's his expedition, but from the court standpoint, has there been a motion to expedite the hearing of the appeal? Not to my knowledge, Your Honor. Does anybody care to make that motion? Sorry, Your Honor. I don't want to misstate the record, but I believe in my request in this motion, I combined that request to also expedite the appeal. So you are asking? Yeah, I think . . . You don't object to that, to an expedited appeal? No.